# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AUDREY CUNNINGHAM, individually as

widow and as Proposed Aministratrix of the

Estate of DONALD G. CUNNIGHAM, Deceased,

                      Plaintiff,                            Civil Action No: 1:20-cv-00917v

V

UNITED STATES OF AMERICA

                      Defendant,

---

## COMPLAINT

### (Jury Trial Requested)

The Plaintiff, Audrey Cunningham, by and through her undersigned counsel, hereby brings the following claims against the Defendant United States of America through the Department of Veterans Affairs, and set forth as grounds to the Complaint the following:

## PARTIES / JURISDICATION

1.    This action arises under the Federal Tort Claims Act and is brought pursuant to 28 U.S.C. §1346 et. seq.

2.    Jurisdiction in this action is founded on the existence of standard of care questions arising under particular statutes, specifically, under the Federal Department of Veterans Affairs Regulations in Chapter 38 of the Code of Federal Regulations as well as N.C. State Law of negligence which are assimilated herein.

3.    The Federal Department of Veteran Affairs Regulations, having been adopted and incorporated in their entirety by North Carolina's legislature, were in full force and effect throughout the State of North Carolina at all times relevant hereto.

4.    This case is filed in the Middle District of North Carolina due to the injury occurring in Rowan County, North Carolina within the Middle District of North Carolina at the W.G. (Bill Hefner) VA Medical Center (the "VA") located at 1601 Brenner Avenue, Salisbury, NC 28144.

5.    Upon information and belief, W.G. (Bill Hefner) VA Medical Center was at all times material herein an employee, an agent, or a servant of the defendant United States of America (hereafter referred to as "Defendant United States") and was acting within the course and scope of its agency, authority, or employment and with the knowledge and consent of the Defendant United States.

7.    United States is the proper Party-Defendant in this action pursuant to the Federal Tort Claims Act ("FTCA") for a claim seeking money damages for personal injuries caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq. (collectively, the "FTCA").

8.   Upon information and belief the employees of the VA (to include and not be limited to Dr. Inbo Shim), are employees of the government or were acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346 (b)(1), FTCA, and 38 U.S.C. §7365, and as such were acting within the scope of their employment.

9.   At the times of the medical treatment described herein, Plaintiff was a resident of Rowan County, North Carolina.

10.  Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the Department of Veterans Affairs, on September 7, 2018, which was received on September 7, 2018.

11.  On April 6, 2020, Department of Veterans Affairs denied Plaintiff's claim. (Exhibit 1). Plaintiff was further advised in that letter that he was entitled to file suit in Federal District Court within six months of the date their determination. This action is being brought pursuant to that directive.

12.  Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action, 28 U.S.C. §2675.

13.  Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402 because the acts and/or omissions complained of herein occurred in whole or in part in Rowan County, North Carolina, which are within the District of the United States District Court for the Middle District of North Carolina.

14.  Liability is additionally determined in accordance with the state laws in the place of occurrence (i.e., the State of North Carolina), federal laws and regulations, patient's bill of rights,

and other, where these acts and/or omissions occurred. 28 U.S.C. §1346; Richards v. U.S., 369 U.S. 1. 11-13 (1962).

## PROCEDURE OF THE CASE

15.   On September 7, 2018, pursuant to 28 U.S.C. §2671, an administrative claim was filed for the injuries in this case to the Veteran's Affairs Office of the General Counsel c/o Dan Rattray, Chief Counsel at 251 North Main Street, Winston-Salem, North Carolina 27155.

16.   The Administrative Claim portion of this action has been fulfilled by the denial of this Plaintiff's claim and the issuance of a "Right to Sue" letter attached hereto as Exhibit A and incorporated herein as if fully set forth.

17.   Plaintiff has complied with pre-lawsuit procedural requirements provided for by the negligence laws of the State of North Carolina and additionally Plaintiff is attaching and incorporating by reference the affidavit and CV of following medical expert, Dr. David Mayer.

## FACTUAL ALLEGATIONS

18.   The deceased, Mr. Cunningham was a 69-year-old male who recovered from a bout of gallstone pancreatitis and was scheduled for completion cholecystectomy.

19.   On 9/7/16, Dr. Inbo Shim performed a laparoscopic cholecystectomy and lysis of adhesions at W.G. (Bill Hefner) VA Medical Center (hereafter the "VA").

20.   The findings included minimal adhesions of the omentum to the gallbladder.

21.   Lysis of adhesions of a segment of small bowel adhered to the infraumbilical region was done.

22.   Dr. Shim dictated that "[t]here was no gross injury to the serosal wall of the small intestine."

23.   This cannot be true because the patient suffered an unrecognized iatrogenic injury to the mid ileum, as well documented in the contemporaneous medical records.

24.   Dr. Shim never inspected the small bowel and his dictation was disingenuous, or his inspection of the bowel was inadequate and below standard of care.

25. Either way, he failed to find the small bowel injury during the 9/7 surgery.

26. The patient was readmitted approximately 10 days later with a bile leak treated by percutaneous drainage.

27. Mr. Cunningham was also suffering from sepsis from feculent peritonitis due to a leak from the iatrogenic injury to his small bowel.

28. Mr. Cunningham was re-operated multiple times, including but not limited to the following procedures:

    A.    9/18/16: exploratory laparotomy, lysis adhesions, small bowel resection, drainage, VAC (open abdomen) for the iatrogenic enterotomy in the mid ileum wit gross contamination

    B.    9/20/16: abdominal washout, small bowel anastomosis,

    C.    9/29/16: small bowel repair for enterocutaneous fistula

    D.    10/6/16: abdominal washout, VAC

    E.    10/13/16: abdominal washout, ileostomy, VAC

F.   10/17/16: abdominal washout for persistent enterocutaneous fistula

G.   10/19/16: vicryl mesh closure of abdominal wall, VAC

H.   10/25/16: reoperation for failure of vicryl mesh closure

I.   10/29/16: washout, VAC

29. Mr. Cunningham suffered enterocutaneous fistula, septic shock, multiorgan failure, renal failure, ventilator dependence

30. Mr. Cunningham expired on or about 10/30/16; approximately 23 days following his cholecystectomy by Dr. Shim.

31. The failure of the Dr. Shim and the VA to appropriately treat Plaintiff on September 7, 2016 was medically negligent and directly and proximately caused Plaintiff pain, suffering, medical bills and death.

## FIRST CLAIM FOR RELIEF

## AGAINST THE UNITED STATES

### FOR NEGLIGENCE THROUGH MEDICAL MALPRACTICE

32. Plaintiffs hereby re-allege and affirm the above paragraphs as if fully set forth herein.

33. Defendant through the VA, its subsidiary and its employees, owed the Plaintiff a duty to provide that standard of care, skill, and treatment which in light of all relevant surrounding circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

34. Defendant, through the VA, breached this duty and deviated from the acceptable standard of care by rendering care and treatment that was below the standard of care including, without limitation, by failing to;

a.  provides appropriate care;

b.  provides proper and adequate medical attention;

c.  timely diagnoses an inadvertent enterotomy;

d.  failing to treat Plaintiff for the inadvertent enterotomy in a timely manner;

e.  failing to consult appropriate specialists;

f.  exercise reasonable care for the well-being of the Plaintiff under the circumstances,

g.  failing to provide health care to the Plaintiff that met the minimum standard of care in the relevant medical community,

h.  failing to follow generally accepted medical and diagnostic standards, practices, and procedures;

i.  failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances; and

j.  in failing such particulars as may be discovered during this litigation.

35. As a direct and proximate result of the aforesaid breaches of the standard of care, the Plaintiff endured severe and grievous pain, suffering, humiliation permanent scarring and damages including but not limited death;

36. Plaintiff has undergone medical treatment and incurred medical bills and expenses, mental anguish, emotional distress, anxiety, and pain and suffering.

37. United States is vicariously liable for the deviations from the standard of care and negligence of the VA, Dr. Shim, and all of its employees and agents by and through the Department of Veterans Affairs, a federal agency. As such, the Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES from the Defendants.

38. As a direct and proximate result of the medical malpractice and negligence of the said named Defendant in the First Claim or Relief, Plaintiffs have suffered damages in an amount of Four Million – Five Hundred Thousand Dollars ($4,500,000) on information and belief specifically including but not limited to the following items of special damages:

a.      Medical Expenses;

b.      Pain and Suffering;

c.      Death of deceased;

e.      Loss of earnings; and

f.      Any other item of special damage which the evidence may show at the trial of this action.


## SECOND CLAIM FOR RELIEF

## AGAINST THE UNITED STATES

## FOR WRONGFUL DEATH

39. Paragraphs 1-38 (f) are incorporated herein by reference and each allegation of fact stated above is re-alleged herein as if restated verbatim.

8

40. Plaintiff, Audrey Cunningham, at the time of deceased husband's, Donald Cunningham's death, was a citizen and resident of Rowan County, North Carolina and is expected to be duly appointed Administratrix of the Estate of Donald Cunningham, Rowan County, file number TBD. As widow and proposed Administrator, she is the proper party Plaintiff to purse this action.

40. The deceased, Donald Cunningham's, had he survived, would have a claim against the Defendant, United States for Negligence through Medical Malpractice.

41. The deceased, Donald Cunningham, was born on July 26, 1947 and died on October 30, 2016 as direct result of the negligent care of Defendant United States described herein. He is survived by his wife, Audrey Cunningham formerly of Rowan County, NC and now residing in Pasadena, Ann Arundel County, Maryland and four children. At the time of his death, Mr. Cunningham was 69 years of age and had a statutory live expectancy of 78.1 years. He was a loving husband to his wife and a loving father to his children. He was a person with high moral character and outstanding habits. He expected to and could have continued to lead a fruitful and meaningful life. Mr. Cunningham would have continued to provide service, protection, care, assistance, financial and otherwise, to his wife and children, as well as society, companionship, guidance, kindly offices and advice.

42. As a proximate result of the aforementioned negligence which is imputed to the Defendant United States, and which caused the death of the deceased, Donald Cunningham, gives rise to compensatory damages including the following, which when totaled, amount to damages in the amount of Eight Million Dollars ($8,000,000.00):

a. Reimbursement for expenses incurred in the care and treatment of the deceased, Donald Cunningham, incident to the injuries resulting in his death;

b. Compensation for pain and suffering of the deceased, Donald Cunningham, prior to his death;

c. The reasonable funeral expenses of the deceased, Donald Cunningham; and

d. The present monetary value of the decedent to the persons entitled to receive the damages recovered including, but not limited to, compensation for the loss of (i) the services, affection, care and assistance, and (ii) the society, companionship, comfort, guidance, kindly offices and advice of Audrey Cunningham.

43. Plaintiff, Audrey Cunningham, further seeks damages based upon the wrongful acts of W.G. (Bill Hefner) VA Medical Center as specifically described and alleged hereinabove, which qualify as reckless conduct and wanton disregard and indifference to the rights and safety of the deceased, Donald Cunningham, or others similarly situated, which W.G. (Bill Hefner) VA Medical Center knew, or should have known, was reasonably likely to result in injury, damages, or other harm.

### THIRD CLAIM FOR RELIEF

### AGAINST THE UNITED STATES

### FOR LOSS OF CONSORTIUM

44. Paragraphs 1-43 are incorporated herein by reference and each allegation of fact stated above is re-alleged herein as if restated verbatim.

45. At all times prior to October 30, 2016, the deceased, Donald Cunningham, was the husband and spouse of the Plaintiff, Audrey Cunningham.

46. Plaintiff and the deceased, Donald Cunningham, resided together as husband and wife in the community of Salisbury, Rowan County, North Carolina.

47. The deceased, Donald Cunningham, was a good and dutiful husband in all aspects to the Plaintiff, Audrey Cunningham.

48. The deceased, Donald Cunningham, was physically and mentally healthy, active, alert, loving, kind and affectionate and caring for his wife and children, in all aspects, whatsoever.

49. The deceased, Donald Cunningham, and his wife had enjoyed all the benefits, duties and responsibilities of a lawful marriage, one to the other, including, but not limited to, mutual services, companionship, society, affection, sexual relationship, kindly offices, advice, guidance and admiration.

50. As a direct and proximate result of the negligence of the Defendant United States as hereinabove alleged, in the Plaintiff, Audrey Cunningham, has lost all consortium with her husband, the deceased, Donald Cunningham.

### FOURTH CLAIM FOR RELIEF

### AGAINST THE UNITED STATES

### FOR VICARIOUS LIABILITY: Respondent Superior

51. Paragraphs 1-50 are incorporated herein by reference and each allegation of fact stated above is re-alleged herein as if restated verbatim.

52. Upon information and belief, the W.G. (Bill Hefner) VA Medical Center has a non-delegable duty to provide physicians, nurses, independent contractors, and other staff adequately trained and able to provide any routine and/or non-medical care to patients.

53. Upon information and belief, Defendant United States, on behalf of the W.G. (Bill Hefner) VA Medical Center, has the right or power to direct and control the manner in which its employees, agents, independent contractors, and/or staff provide care and operate the business of delivering routine, ministerial and/or non-medical care for a fee through its health care facility and in fact did control W.G. (Bill Hefner) VA Medical Center during the procedures hereinabove alleged.

54. The Plaintiffs are advised, believe and so aver, that at all times material herein, W.G. (Bill Hefner) VA Medical Center were employees, agents, or servants of the Defendant United States and were acting within the course and scope of its agency, authority or employment with the knowledge and consent of the Defendant United States. In accordance with the doctrine of Respondent Superior, W.G. (Bill Hefner) VA Medical Center's negligence is imputed to the Defendant United States by operation of law.

55. In addition to the foregoing facts and allegations of negligence, including those invoking the doctrine of Respondent Superior, which are realleged by reference as if fully set forth herein, Defendant United States was individually, directly negligent in causing the Plaintiff's injuries as follows:

    a. Upon information and belief, Defendant United States own W.G. (Bill Hefner) VA Medical Center where employees are hired, paid and knowingly provide medical services to the patients;

b. Defendant United States' employees have a duty to provide a standard of care;

c. Defendant United States' employees in providing that standard of care was a proximate result of W.G. (Bill Hefner) VA Medical Center and its employees negligent acts or omissions, the Plaintiffs suffered injuries which otherwise would have occurred.

56. Upon information and belief, Defendant USA, on behalf of the W.G. (Bill Hefner) VA Medical Center, has the right or power to direct and control the manner in which its employees, staff, co-workers, independent contractors, and/or agents provide care and operate the business of delivering routine, ministerial and/or non-medical care for a fee through its health care facility.

57. Plaintiff was under the care of Defendant's physicians, nurses, agents, independent contractors, and/or employees, said Defendants, and their physicians, nurses, staff, agents, independent contractors, and/or employees, departed from prevailing and acceptable professional standards of routine, ministerial, administrative and/or non-medical care and treatment of Plaintiff and were thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed to Plaintiff and are therefore liable for one or more of the following acts of omission or commission:

a. In failing to communicate their findings to specific medical personnel that could address the findings;

b. In acting or failing to act in a way that would appropriate to a member of the general public;

c. In failing to render proper routine care;

d. In failing to render proper ministerial care;

e. In failing to render proper administrative care;

f. In failing to render proper non-medical care;

g. In failing to staff their respective facilities appropriately;

h. In failing to train their employees, nurses, physicians, contractors, and/or agents in an appropriate manner;

i. In continuing to employ certain employees, nurses, physicians, contractors, and/or agents when Defendant VA knew or should have known that doing so would result in a Plaintiff's harm; and

j. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the North Carolina Rules of Civil Procedure and/or Federal Rules of Civil Procedure for the district of North Carolina

58. As a direct and proximate result of the negligence, gross negligence, recklessness, willful and wanton departure from proper routine, ministerial, administrative or non-medical care by Defendants, their physicians, nurses, staff, agents, contractors and/or employees as noted above, Plaintiff has incurred permanent disability, injuries, and medical bills.

59. To the extent that Defendants' general negligence is found to be a cause of Plaintiff's injuries, Plaintiff would be entitled to recover from Defendants a sum of money to compensate for all damages allowable under the general negligence theory.

60. Consequently all damages should be in an amount determined by the court in this action without regard to any non-economic damages cap.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray to recover from the Defendant, jointly and severally, as follows:

1. Compensatory Damages in the amount of Twelve Million - Five Hundred Thousand Dollars ($12,500,000.00).

2. Cost of this action; and

3. Any such other relief as the Court deems just and proper.

This 5th day of October, 2020.

/s/ Robert J. Harris,

N.C. Bar No.24656
Attorney for Plaintiffs
Harris & Associates
3101 Guess Rd Ste C
Durham, NC, 27705-2678



**U.S. Department of Veterans Affairs**
Office of General Counsel

Torts Law Group (021B)
810 Vermont Ave. NW
Washington, DC 20420

In Reply Refer To: GCL 406673

7015 1520 0002 3719 8942

April 6, 2020        7015 1520 0002 3719 5811

<u>Via Certified Mail</u>

Robert Harris, Esq.
Harris & Associates
5501 Executive Center Drive, Suite 215
Charlotte, NC 28212

Re:     Administrative Tort Claim on behalf of the Estate of Donald G. Cunningham

Dear Mr. Harris:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your cleint's administrative tort claim. Our assessment of the claim included a review of Mr. Cunningham's medical records and a review of the claim by a medical professional who was not involved in his care.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which this claim was filed, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the VA acting within the scope of his or her employment that caused Mr. Cunningham compensable harm following his laparoscopic cholecystectomy surgery at the Salisbury, NC VA Medical Center in September of 2016 as stated in your claim. Accordingly, we deny the claim.

If your client is dissatisfied with the denial of the claim, your client may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal Government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Robert P. Kirchhoefer
Deputy Chief Counsel, Torts

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AUDREY CUNNINGHAM, individually as
widow and as Proposed Aministratrix of the
Estate of  DONALD G. CUNNIGHAM, Deceased,

                Plaintiff,                    Civil Action No: _____

V

UNITED STATES OF AMERICA

                Defendant.

---

## AFFIDAVIT OF EXPERT WITNESS
## IN MEDICAL MALPRACTICE CASE

David A. Mayer, M.D., F.I.C.S. being duly sworn, deposes and says:

1. I am a physician, licensed by the State of New York and the appropriate regulatory agency, having jurisdiction over the practice of my profession in the location in which I practice.

2. I am Board Certified in General Surgery by the American Board of Surgery; which is a national association that administers written and oral examinations for certification in the areas of my practice and specialty about which this opinion on the standard of care is offered.

3. Additionally, I have actual professional knowledge and experience in the specialty and area of practice in which this opinion is given. I have been regularly engaged in a combination of active practice and teaching in an accredited educational institution in the specialty and area of practice of general and emergency surgery for at least five (5) of the last ten (10) years immediately preceding this opinion. (CV attached).

Page **1** of **4**

4. The materials made available to me for my review prior to drafting this opinion include:

   a. W.G. (Bill Hefner) VA Medical Center Records
   b. Wake Forest Baptist Medical Center Records

5. Additionally, it is my understanding that the discovery is ongoing and that I can expect to receive further information including depositions or medical records and /or reports. Therefore, upon receipt and review of this information, my opinion may be further supplemental, altered and/or changed.

6. Through my professional standing as set forth above, I am familiar with the applicable standard of care for the General Surgeons working in settings similar to W.G. (Bill Hefner) VA Medical Center. This would include the standard of care specifically applicable to the conduct of Inbo Shim, M.D. at W.G. (Bill Hefner) VA Medical Center. The standard of care requires:

   a. General Surgeons must conduct appropriate triage, assessments and examinations of all patients who enter their facility to ensure that they receive the proper treatment and plan of care as soon as possible so that the patient does not unduly suffer and clinically deteriorate.
   b. General Surgeons must include appropriate pre-operative examinations to determine the severity of the patient's condition to include, but not limited to, the risk factors for laparoscopic cholecystectomy.
   c. If risk factors for a laparoscopic cholecystectomy are identified during a pre-operative examination the treating General Surgeon must be qualified and have the experience to operate on that patient. If not, referring the patient to a specialist (e.g. a more experienced General Surgeon) is required or in the alternative, to assure that a specialist can assist with the surgery.
   d. A patient should not be discharged from the care of the General Surgeon unless and until they are medically stable and prescribed the appropriate, effective medication treat their underlying medical condition.
   e. A patient should not lose their life as a result of a laparoscopic cholecystectomy.

f.  When appropriate, all patients should be instructed to return to the VAMC / Hospital to determine whether the patients underlying medical condition is improving or not. If not, the standard of care would require General Surgeon to refer the patient to a specialist capable of treating the patient in a timely manner.

7.  I have reviewed the evidence submitted to me, and based on my expertise, as set forth above, it is my opinion, to a reasonable degree of medical certainty, that Dr. Inbo Shim committed the following negligent, grossly negligent, and /or reckless acts and/or omissions, which constituted a failure to comply with the appropriate standard of care as follows:

a.  The deceased, Mr. Cunningham was a 69-year-old male who recovered from a bout of gallstone pancreatitis and was scheduled for completion cholecystectomy. On 9/7/16, Dr. Inbo Shim performed a laparoscopic cholecystectomy and lysis of adhesions at W.G. (Bill Hefner) VA Medical Center (hereafter the "VA"). The findings included minimal adhesions of the omentum to the gallbladder. Lysis of adhesions of a segment of small bowel adhered to the infraumbilical region was done.

b.  Dr. Shim dictated that "[t]here was no gross injury to the serosal wall of the small intestine." This cannot be true because the patient suffered an unrecognized iatrogenic injury to the mid ileum, as well documented in the contemporaneous medical records.

c.  Dr. Shim never inspected the small bowel and his dictation was disingenuous, or his inspection of the bowel was inadequate and below standard of care. Either way, he failed to find the small bowel injury during the 9/7 surgery. Therefore the surgery was a failure resulting in the death of the patient 23 days later.

d.  The conduct of Dr. Shim prior to, during and after the surgery was a breach in the acceptable standard of care that directly and proximately caused the Plaintiffs death. Due to the aforementioned breach, it is my opinion that Dr. Shim was confronted with a surgery that he was not personally able to handle resulting in an inexcusable and avoidable injury and pre-mature death to the Plaintiff.

e. Due to the aforementioned breach, it is my opinion that Dr. Shim was medically negligent in failing to adequately and timely diagnose and treat the patients small bowel injury during the 9/7 surgery and operate on the Plaintiff appropriately.

f. It is my opinion that the failure of Dr. Shim to perform the laparoscopic cholecystectomy appropriately on 9/7/2016 directly and proximately caused the Plaintiff to suffer physically, emotionally, undergo subsequent surgeries/treatments, spend undo medical cost and ultimately suffer an untimely/pre-mature death 23 days later.

g. Dr. Shim, and the VA, departed from standard of care by carelessly causing iatrogenic injury to Mr. Cunningham's small bowel during what should have been a relatively routine cholecystectomy; and further departed by failing to recognize and repair the injury before leaving the OR on 9/7/16.

h. These departures were factual and proximate causes of Mr. Cunningham's injuries and wrongful death, including but not limited to, feculent peritonitis, enterocutaneous fistula, sepsis, septic shock, respiratory failure, ventilator dependence, renal failure, multiorgan failure, attendant pain and suffering through multiple reoperations with an open abdomen and VAC suction, and wrongful death

i. All opinions rendered herein have been given to a reasonable degree of medical certainty.

David A. Mayer, M.D., F.I.C.S.

SWORN TO before me this 5th
day of October , 2020
Notary Public for New York / Suffolk County
My commission expires: 9/4/2022

**EMILY MUSSO**
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6380156
Qualified in Suffolk County
My Commission Expires 9/4/2022

## VERIFICATION

I, Audrey Cunningham, widow and proposed Administratrix to the Estate of Donald Cunningham, am the Plaintiff in the foregoing action, that I have read the foregoing and know the contents thereof and that the same is true of my own knowledge, except as to those matters and things therein alleged upon information and belief, and as to those, I believe the same to be true.

_Audrey Cunningham_

Estate of Donald Cunningham

Audrey Cunningham, widow/Proposed Administratrix

---

I certify that _Audrey Cunningham_ personally appeared before me this day and

_____ I have personal knowledge of the identity of the principal (s)

_✓_ I have seen satisfactory evidence of the principal's identity by a current state or federal identification with the principal's photograph in the form of a driver's license

and acknowledged to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated.

SWORN TO before me this _4_

day of _October_ , 2020

Notary Public for _Anne Arundel Co._

My commission expires: _Feb 6, 2023_

WILLIAM M GARVER
My Commission Expires
NOTARY PUBLIC
02-06-2023
ANNE ARUNDEL COUNTY, MD

## CERTFICATE OF SERVICE

I hereby certify that on October 5th, 2020, I electronically filed the foregoing with the Clerk of the Court under seal using the CM/ ECF system, which will send notification to the following:

Matthew G.T. Martin, U.S. Attorney

/s/ ROBERT J. HARRIS
Attorney for the Defendant
N.C. State Bar No.: 24656
Harris & Associates, Attorneys at Law, PLLC
3101 Guess Road, Suite C
Durham, NC 27705
919-479-8700